UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


AUTO-OWNERS INSURANCE COMPANY,

    Plaintiff,

vs.                                   CASE NO. 8:14-CIV-806-T-EAK-MAP

SOUTHERN SALVAGE, INC., JASON BYRD,
and DION PEREZ,

    Defendants.
_____/

**ORDER ON MOTIONS**

This cause is before the Court on the Plaintiff's motion for entry of final declaratory judgment against Defendant Southern Salvage, Inc. (Doc. 10); Defendant Southern Salvage Inc.'s amended motion to set aside default (Doc. 14); response thereto (Doc. 23); Plaintiff's motion for entry of final declaratory judgment against Dion Perez (Doc. 21); and Plaintiff's motion for entry of final declaratory judgment against Defendant Jason Byrd (Doc. 22). The motions are granted in part and denied in part.

BACKGROUND

The Plaintiff filed its complaint against the defendants, Southern Salvage, Inc. (Southern), Jason Byrd, and Dion Perez on April 4, 2014.  The case stems from a lawsuit filed by Dion Perez in state court against Southern and Jason Byrd.  The instant lawsuit seeks a declaratory judgment from this Court that the plaintiff insurance company has no duty to defend or indemnify Southern and/or Jason Byrd in the underlying state court action.

On May 30, 2014, the Plaintiff moved for, and was granted, entry of a clerk's default against Southern Salvage. Subsequently, on July 15, 2014, the Plaintiff moved for, and was granted, clerk's defaults against Jason Byrd and Dion Perez (Docs. 17 and 18).

The motion for declaratory judgment as to Southern was then filed on June 4, 2014, and the motions for declaratory judgment against Messrs. Bryd and Perez were filed on July 18, 1014.  Southern thereafter filed the presently pending motion to set aside the default on June 16, 2014.  Southern filed its motion to set aside default through counsel of record, however, no appearances of counsel have been made for Jason Byrd or Dion Perez and no motions have been filed to vacate the defaults as to those individuals.

DISCUSSION

The Court will grant the Plaintiff's motions for declaratory judgment against Messrs. Bryd and Perez as the defaults have been entered and there are no objections filed as to the entry of the requested judgments.  Therefore, the Court finds that the Plaintiff  owes no duty to defend or indemnify its insured, Jason Byrd, in connection with the underlying lawsuit styled: *Dion Perez v. Southern Salvage, Inc. and Jason Byrd*, 2012-CA-002858, Polk County, Florida.

The next question is whether or not the default against Southern should be vacated and/or whether a default judgment should be entered. Southern sets out these facts as the basis for vacating the default:

> 1. At all relevant times, SOUTHERN SALVAGE has been insured by AUTO-OWNERS INSURANCE  COMPANY. SOUTHERN SALVAGE is represented by counsel retained by AUTO-OW in the State Court Action.
>
> 2. To the best of SOUTHERN SALVAGE's knowledge, the principal terms of a settlement agreement have been reached regarding the State Court Action.
>
> 3. Settlement of the State Court Action may result in this action being rendered moot.
>
> 4. On or about April 14, 2014, SOUTHERN SALVAGE contacted its counsel in the State Court Action regarding a phone call it received regarding "a new lawsuit filed against us, by Auto-Owners." SOUTHERN SALVAGE's State Court Action counsel responded by stating he was unable to comment on it because he  was unable to address coverage.
>
> 5.  SOUTHERN SALVAGE was served with the Complaint and Summons in this action on April 17, 2014.
>
> 6. SOUTHERN SALVAGE received the Application for Entry of Clerk's Default Against Defendant Southern Salvage, Inc. on or about June 4, 2014.

    7. On or about June 4, 2014, SOUTHERN SALVAGE inquired of their counsel in the State Court Action regarding the appropriate response to the Application Default.

    8. On or about June 4, 2014, SOUTHERN SALVAGE's counsel in the State Action advised SOUTHERN SALVAGE to seek "coverage counsel" regarding the Application for Default.

    9. At all times since SOUTHERN SALVAGE was served in this action, SOUTHERN SALVAGE believed settlement of the State Court Action was imminent, and that settlement of the State Court Action would render this action moot.

    10. Undersigned counsel was retained by SOUTHERN SALVAGE, on June 12, 2014.

    11. Prior to being advised to seek "coverage counsel" SOUTHERN SALVAGE did not fully understand the limits of its attorney-client relationship with counsel in the State Court Action.

Setting aside a default is discretionary with the court and courts find that the good cause requirement is a "mutable standard" which may vary from situation to situation. It is a fairly liberal standard. *Compania InterAmericana Export-Import SA v. Compania Dominicana De Aviacion*, 88 Fed. 3d 948, 951 (11th Cir. 1996). Upon consideration of the circumstances of this case, the Court finds that good cause exists for vacating the default judgment. The defendant Southern attempted to address this lawsuit, but due to a lack of understanding, Southern failed to immediately address the complaint. The Court finds that justice is better served in this case by concluding this case on the merits of the matter rather than a default. Accordingly, it is

    **ORDERED** that the Plaintiff's motion for entry of final declaratory judgment against Dion Perez (Doc. 21); and motion for entry of final declaratory judgment

against Defendant Jason Byrd (Doc. 22) are **granted** and the Clerk of Court shall enter judgment for the Plaintiff and against Jason Byrd and Dion Perez, stating that Plaintiff owes no duty to defend or indemnify its insured Jason Byrd.  The Plaintiff's motion for entry of final declaratory judgment against Defendant Southern Salvage, Inc. (Doc. 10) is **denied**; Defendant Southern Salvage Inc.'s amended motion to set aside default (Doc. 14) is **granted**; and the Defendant Southern Salvage, Inc. has ten days from this date to answer the complaint in this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 24th day of October, 2014.



Copies to: All parties and counsel of record